IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAVONTA C. KELLY, #301223, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:19-CV-622-WKW |
| | ) | [WO] |
| SGT. LEWIS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Javonta C. Kelly, an indigent state inmate incarcerated with the Alabama Department of Corrections, initiated this 42 U.S.C. § 1983 action on August 29, 2019. Mr. Kelly alleges a violation of his civil rights during his prior incarceration at Kilby Correctional Facility. He contends that correctional officers used excessive force against him on two separate occasions in July 2019 and that the medical treatment he received for a seizure disorder during his confinement at Kilby was unconstitutional. Alongside his request for a temporary restraining order, which was denied (Doc. # 3), Mr. Kelly's original complaint includes a general request for a preliminary injunction.

Mr. Kelly recently notified the court that he has been transferred from Kilby to Limestone Correctional Facility. (Doc. # 59.) "[A] prisoner's request for injunctive relief relating to the conditions of his confinement becomes moot when he is transferred." *Davila v. Marshall*, 649 F. App'x 977, 979 (11th Cir. 2016)

(citing *Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988)). Because Mr. Kelly is not incarcerated at Kilby, he is no longer subject to the alleged unconstitutional conditions and treatment at Kilby for which he seeks preliminary injunctive relief. Accordingly, his motion for a preliminary injunction is moot. However, even if his motion were not moot, Mr. Kelly would not be entitled to a preliminary injunction. Because his request lacks any specificity, he fails to satisfy his burden for obtaining the "extraordinary and drastic remedy" of a preliminary injunction. *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998) (citation and internal quotation marks omitted); *see also Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002) (setting out the four elements a movant must demonstrate to be entitled to a preliminary injunction).

Based on the foregoing, it is ORDERED as follows:

(1) Mr. Kelly's motion for a preliminary injunction (Doc. # 1) is DENIED as moot; and

(2) This action is REFERRED back to the Magistrate Judge for additional proceedings.

DONE this 26th day of March, 2020.

                                              /s/ W. Keith Watkins
                                  UNITED STATES DISTRICT JUDGE